Matter of Williams v Panzarino (2024 NY Slip Op 02061)

Matter of Williams v Panzarino

2024 NY Slip Op 02061

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-09811
 (Docket Nos. V-4277-13/22T, V-9249-18/22J)

[*1]In the Matter of John A. Williams III, appellant,
v
Mario Panzarino, respondent.

Michael J. Miller, Miller Place, NY, for appellant.
Emily M. Olshansky, Southold, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Alfred C. Graf, J.), dated November 2, 2022. The order, without a hearing, dismissed the father's petitions, in effect, to enforce an order of the same court (Paul M. Hensley, J.) dated April 20, 2021, entered upon consent, awarding the maternal grandfather temporary legal and physical custody of the subject child.
ORDERED that the order dated November 2, 2022, is affirmed, without costs or disbursements.
The facts relating to this appeal are set forth in this Court's decision and order on related appeals (see Matter of Williams v Panzarino, _____ AD3d _____ [Appellate Division Docket No. 2021-08971; decided herewith]). As is relevant to this appeal, the father filed petitions, in effect, to enforce an order dated April 20, 2021, entered upon consent, awarding the maternal grandfather temporary legal and physical custody of the subject child in California pending further order of the court (hereinafter the April 2021 consent order). In an order dated November 2, 2022, the Family Court dismissed the father's petitions, without a hearing.
The father's contention that the Family Court erroneously dismissed prior petitions that the father filed seeking to modify a so-ordered stipulation dated March 20, 2019, is not properly before us on this appeal. Further, the court previously granted the mother's application pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A; hereinafter the UCCJEA) for the California courts to assume jurisdiction over the custody of the child, and the California courts had, in fact, contacted the Family Court pursuant to the UCCJEA regarding matters pending in California pertaining to custody of the child. Thus, the father's petitions, in effect, to enforce the April 2021 consent order were properly dismissed (see DRL 76-a[2]).
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court